UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 23-124-DCR |
| V. | ) ) ) | |
| VONNIE J. MCDANIELS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Vonnie McDaniels is charged with escaping from federal custody in violation of 18 U.S.C. § 751(a). Both parties have filed motions *in limine* seeking to exclude and/or limit the introduction of certain evidence during trial. [Record Nos. 30, 31] McDaniels requests that any mention of the nature of his prior federal felony convictions, his history of assault and resisting arrest, and references to the "Fugitive Task Force" be excluded from trial. [Record No. 30] The United States seeks to exclude evidence of Defendant McDaniels' destination after the alleged escape occurred. [Record No. 31]

**I.**

The motions focus primarily on the relevance of potential evidence and the risk that its introduction may result in unfair prejudice, confuse the issues, or mislead the jury. The Court begins with reference to the plain text of Rule 401: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not be exclude

the evidence if it has *the slightest probative worth*." *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996) (emphasis added). For purposes of Rule 401(b), "a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020). The proffered evidence need only be "a step on one evidentiary route to the ultimate fact." *Old Chief v. United States*, 519 U.S. 172, 179 (1997).

Evidence clearing the low bar of Rule 401 is balanced by the interests outlined in Rule 403. "The court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180.

**A.**

McDaniels first argues that the government should be prohibited from mentioning his prior criminal convictions and should refrain from soliciting any testimony from any witness resulting in its disclosure. The government's burden of proving guilt under 18 U.S.C. § 751(a) requires only a showing that McDaniels was in custody as a result of having committed "any offense." The parties' joint stipulation to the jury concedes this point. [Record No. 29] At this point, the inclusion of details about the underlying offense would not be "of consequence" in determining the action and would increase the likelihood of unfair prejudice. *See* Fed. R. Evid. 401(b), 403.

The United States' response to McDaniels' motion acknowledges the stipulation and agrees not to introduce evidence during its case-in-chief regarding the nature of McDaniels' prior offenses, or the fact that they were felonies. The United States will also be directed not to solicit witness testimony likely to reveal that information. However, both parties acknowledge that this information may be admissible for impeachment purposes under Rule 609, should McDaniels choose to testify.

B.

Next, McDaniels cites Rule 404(b) in an effort to prevent evidence or testimony indicating that he has a criminal history that includes Assault and Fleeing/Resisting Law Enforcement. The United States responds that it does not intend to introduce this information during its direct examination of witnesses during trial, but notes that evidence offered during McDaniels' case-in-chief and during cross-examination may open the door to explaining why law enforcement responded as it did.

Rule 404(b)(1) prohibits using evidence of prior criminal activity "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But nothing in Rule 404 would bar the government from offering the information to rationalize why law enforcement responded as it did. However, admission through this route is still subject to scrutiny under Rules 401 and 403. Absent McDaniels' addressing the nature of the law enforcement response, the government's introduction of such evidence would not be "of consequence," particularly given the parties' stipulation. *See* Rule 401(b). Furthermore, introducing McDaniels' history of Fleeing/Resisting Law Enforcement runs a considerable risk of unfair prejudice under Rule 403. Accordingly, the United States will be instructed not to introduce evidence or solicit witness testimony during its case-in-chief

intending to reveal that McDaniels' criminal history includes Assault and Fleeing/Resisting Law Enforcement. Should McDaniels' open the door by inviting explanations for why law enforcement took certain actions, the evidence may be admissible under Rules 401 and 404(b)(2) and would not be excluded under Rule 403.

### C.

McDaniels' final request is that references to the Central Kentucky Fugitive Task Force ("CKFT") be excluded as unfairly prejudicial. He argues that such references could cause the jury to make a predetermination that he was a fugitive. The Court is completely unpersuaded by this argument. As the United States reasonably notes, this entire case is premised on the government's contention that McDaniels' was a fugitive. Accordingly, it seems fitting that the CKFT would be utilized for his apprehension and unreasonable that the government should have to obscure this fact. Use of the task force is not indicative of McDaniels' status as a fugitive, only the government's belief that he was a fugitive. The bar McDaniels' must clear to exclude evidence under Rule 403 is not merely that the evidence is prejudicial, inasmuch as most, if not all, evidence offered against a defendant is prejudicial. McDaniels' must show that the probative value in referencing the tasks force's name is *substantially outweighed* by the danger of *unfair* prejudice. *See* Rule 403. And McDaniels has not met this burden. Insofar as the government's reference to CKFT does not implicate McDaniels' criminal history as discussed above, references to the named task force is permissible.

### D.

The United States' motion *in limine* seeks to preclude McDaniels from introducing any evidence and/or testimony regarding his destination or location after his alleged escape from federal custody. But as McDaniels points out, evidence regarding his location is relevant in

proving his theory that he did not escape from custody and, in the alternative, that he lacked the requisite *mens rea* for conviction under 18 U.S.C. § 751(a).

The United States argues that McDaniels is being prosecuted for a "walkaway escape." It asserts that the criminal act of escape was completed by virtue of leaving Dismas House without authorization and that McDaniels' location after that act is irrelevant. However, the government also concedes that it has the burden of showing that McDaniels "knowingly and voluntarily left custody without permission." [Record No. 31, p. 4]

McDaniels argues that he was still on home confinement and that by leaving Dismas House and returning to his home, he was in fact returning to home confinement as directed. McDaniels' destination upon leaving Dismas House is relevant evidence from which a jury may surmise his state of mind. The government's arguments invoking Rules 402 and 403 are unpersuasive. Therefore, evidence regarding McDaniels' destination after leaving Dismas House will be permitted.

## II.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Defendant McDaniels' motion *in limine* [Record No. 30] is **GRANTED**, in part, and **DENIED**, in part, consistent with this Memorandum Opinion and Order.

2. The United States' motion *in limine* [Record No. 31] is **DENIED**.

Dated: January 3, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky